## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

JUAN JONES

      Plaintiff,

V.                                    CIVIL ACTION NO

USCB CORPORATION

Defendant.                          February 1, 2012

### COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Cumberland, MD.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA.

6. Defendant is a collector within the MCDCA.

7. Defendant is a foreign corporation engaged in the business of collecting debts in the State of Maryland with a principal place of business located 101 HARRISON STREET, ARCHBALD, PA 18403-0000 and is authorized to do

business in Maryland. The principal purpose of Defendant's business is the collection of debts and Defendant regularly attempts to collect debts alleged to be due another.

8. Defendant communicated with Plaintiff or others on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed personal debt to Penn Foster School.

9. The Defendant contacted the Plaintiff by letters dated December 14, 2011. *See Exhibit "1."*

10. Defendant threatened serious adverse consequences in their collection letter dated December 14, 2011, specifically stating "We may report this account to all national credit bureaus."

11. Defendant USCB, Corporation a debt collector and a licensed Maryland collection agency, failed to provide a proper disclosure of the rights of consumer debtor to dispute the debt and request validation of the debt, as required by federal and state regulations and in doing so violated §1692e  False, Deceptive and Misleading.

12. The aim of 15 U.S.C. §1692g is to provide a period for the recipient of a collection letter to consider his options.

13.  § 1692g. VALIDATION OF DEBTS

**(a) Notice of debt; contents**
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
**(1)** the amount of the debt;

**(2)** the name of the creditor to whom the debt is owed;

**(3)** a statement that unless the consumer, <u>within thirty days **after receipt**</u> of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

**(4)** a statement that if the consumer notifies the debt collector <u>in writing within the thirty-day period</u> that the debt, **<u>or any portion thereof,</u>** is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

**(5)** a statement that, upon the consumer's <u>written request within the thirty-day period</u>, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

14.  The Fair Debt Collection Practices Act §1692g (3) requires and refers to the (30) day period beginning, one day after the consumer debtors receipt of the collection letter.  *See* 1692g (3) "a statement that unless the consumer, within thirty days **after receipt of the notice**, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

15. Defendant in its collection letter Exhibit "1" dated December 14, 2011 advised the Plaintiff pursuant to §1692g (4) that "*If you notify this office in writing **within 30 days from receiving this notice** that you dispute the validity of this debt this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.*"

16. Defendant shortened the validation period by requiring the notice to be received by the debt collector "within 30 days from receipt" and violated 1692g (4), which requires "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, **or any portion thereof, is disputed**, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

17. Defendant completely failed to advise the Plaintiff that he could dispute "**a portion of the debt**" and by that omission violated §1692g (4). §1692g (4) properly states "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, **or any portion thereof**, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

18.  In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692e and f and g.

SECOND COUNT:

19. The allegations of the First Count are repeated and realleged as if fully set

forth herein.

20. Within three years prior to the date of this action Defendant has engaged in acts and practices as to Plaintiff in violation of the Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA").

 21. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

WHEREFORE Plaintiff respectfully requests this Court to:

1.  Award Plaintiff statutory damages pursuant to the FDCPA.

2.  Award Plaintiff statutory damages pursuant to MDCDCA.

3.  Award the Plaintiff costs of suit and a reasonable attorney's fee.

4.  Award such other and further relief as this Court may see fit.

THE PLAINTIFF

BY/S/Bernard T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph   (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com